```
            UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

SOLOMON UPSHAW,
    Plaintiff,

    v.                                    CIVIL ACTION NO.
                                        10-11517-JLT

MATTHEW (aka Matt) ANDRADE and
SEA TRADE EXPRESS, INC.,
    Defendants.

**REPORT AND RECOMMENDATION RE:**
**MOTION FOR WRIT OF INJUNCTION (DOCKET ENTRY # 8);**
**MOTION FOR PRELIMINARY INJUNCTION**
**(DOCKET ENTRY # 13)**

**MEMORANDUM AND ORDER RE:**
**PLAINTIFF'S MOTION [FOR] LEAVE TO AMEND JURISDICTION**
**(DOCKET ENTRY # 6)**

**August 10, 2011**

**BOWLER, U.S.M.J.**

    Pending before this court are two motions seeking injunctive relief (Docket Entry ## 8 & 13) and a motion for leave to amend the complaint (Docket Entry # 6) filed by plaintiff Solomon Upshaw ("plaintiff").

I.   <u>MOTION FOR LEAVE TO AMEND JURISDICTION (DOCKET ENTRY # 6)</u>

    On September 7, 2010, plaintiff filed a complaint against defendants Sea Trade Express, Inc. ("Sea Trade") and Matthew, aka Matt, Andrade ("Andrade"), a Sea Trade employee, (collectively: "defendants") seeking the return of a "red T-600" tractor and a 1995 Dorsey trailer. As set forth in the original complaint, plaintiff rented a parking space from defendants. Even though

plaintiff was current in his rent payments, defendants purportedly took the tractor and the trailer from its location in Avon, Massachusetts. (Docket Entry # 1).

The original complaint alleges that plaintiff will suffer irreparable injury if the tractor and the trailer are not returned. As stated in the original complaint, jurisdiction is grounded on a federal question, 28 U.S.C. § 1331 ("section 1331"). Plaintiff alleges that defendants violated 49 U.S.C. § 13905 ("section 13905"),[1] the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("section 1962(c)"), as well as the fourth, fifth and fourteenth amendments and articles I and VI of the Constitution.

Plaintiff served a copy of the complaint on Andrade and Sea Trade by first class mail addressed to James M. Burns ("Burns"), 935 Main Street, Suite 302, Springfield, Massachusetts on September 7, 2010. (Docket Entry ## 4 & 5). Burns is the designated agent to accept service of process on behalf of Sea Trade and Andrade, according to plaintiff. (Docket Entry ## 4 &

---

[1] Section 13905 sets out effective periods of registration for motor carriers. 49 U.S.C. § 13905. Motor carriers are required to register with the Secretary of Transportation. 49 U.S.C. § 13902. Upon a complaint or his own initiative, the Secretary may suspend, amend or revoke a registration for wilful noncompliance with inter alia an applicable regulation or for the failure to pay a civil penalty. See 49 U.S.C. § 13905.

2

5).

On October 4, 2011, before either party filed or served an answer or responsive pleading, plaintiff filed the motion for leave to amend jurisdiction. (Docket Entry # 6). The caption of the motion seeks leave to amend the complaint to "more clearly ground[]" the complaint on a violation of the Constitution and to establish jurisdiction in "[t]he District Court." (Docket Entry # 6). Like the original complaint, the memorandum in support alleges the violation of section 1962(c) and adds that "defendants [sic] license agents of the U.S. Federal Government" engaged in a pattern of racketeering activity. (Docket Entry # 7). It also reiterates liability based on section 13905, the fourth, fifth and fourteenth amendments and articles I and VI of the Constitution.

The memorandum additionally relies on Bell v. Hood, 327 U.S. 678 (1946). Under Bell "and its progeny, the Supreme Court has often said that a colorable claim of a federal cause of action will confer subject matter jurisdiction [under section 1331] even though the claim itself may fail as a matter of law on further examination." Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 322 (1st Cir. 2001). A "suit, if colorably federal, would be better viewed as dismissed for failure to state a

3

federal claim after 'jurisdiction' to decide that issue had been established." Id.

The memorandum does not include any facts except that "defendants moved properties at [sic] without notice to owner, and others claim defendants moved without notice and [sic] owes rent and the bank refused their checks, while seeking location of property." (Docket Entry # 7). The motion for leave to amend further asserts that plaintiff is entitled to a judgment by default under Rule 55(b)(2), Fed. R. Civ. P. ("Rule 55(b)(2)").

DISCUSSION

Plaintiff is proceeding pro se and therefore entitled to a liberal construction of the complaint. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001). Rule 15(a), Fed. R. Civ. P, allows a party to amend a complaint "once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . .." Rule 15(a), Fed. R. Civ. P.

The motion for leave to amend is therefore a timely amendment as of right and should be allowed. Plaintiff, however, fails to attach a proposed amended complaint. Ordinarily such a

4

failure is fatal to a motion for leave to amend. See Bownes v. City of Gary, Ind., 112 F.R.D. 424, 425 (N.D.Ind. 1986). "[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion." Clayton v. White Hall School District, 778 F.2d 457, 460 (8th Cir. 1985). Here, because plaintiff has a right to amend as a matter of course and is proceeding pro se, this court will allow the amendment. The later filed motions for leave to amend (Docket Entry ## 10, 11 & 12), however, are all deficient because they fail to attach a proposed amended complaint. Moreover, one of these motions (Docket Entry # 11) is a duplicate of the present motion to amend.

"An amended complaint, once filed, normally supersedes the antecedent complaint." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). Because plaintiff is proceeding pro se, however, this court will construe the original complaint (Docket Entry # 1) as part of the amended complaint (Docket Entry # 6 & 7). The governing complaint therefore consists of the original complaint (Docket Entry # 1); the motion for leave (Docket Entry # 6), which simply consists of one paragraph; and the supporting memorandum (Docket Entry # 7), which sets out the various causes of action.

Turning to the request in the motion for leave to amend for a default judgment, it is premature because there has not been an entry of a default. See Hudson v. Maynard, 2010 WL 2757130, *1 (W.D.Mich. May 26, 2010) ("[e]ntry of a default is a prerequisite to obtaining a default judgment"); 10 James Wm. Moore Moore's Federal Practice § 55.10[1] (3rd ed. 2010) ("Rule 55 requires a two-step process" with the "[t]he first step, entry of default," constituting a "prerequisite to a later default judgment"); see, e.g., UMG Recordings, Inc. v. Stewart, 461 F.Supp.2d 837, 840 (S.D.Ill. 2006) (denying motion for default judgment as premature given absence of entry of default). In the alternative, to the extent plaintiff requests a judgment by default, the motion does not provide any legal support for entry of a default judgment under Rule 55(b)(2) and therefore fails to comply with LR. 7.1(b).

II. MOTION FOR WRIT OF INJUNCTION (DOCKET ENTRY # 8); MOTION FOR PRELIMINARY INJUNCTION (DOCKET ENTRY # 13)

The one sentence motion for a writ of injunction broadly requests an order under 49 U.S.C. § 322(b) (repealed 1978) "to [e]nforce obedience" by "carrier or broker . . . from further violation of such provision of this chapter" or rules and

regulations thereunder. (Docket Entry # 8). The two sentence supporting memorandum cites United States v. Alky Enterprises, Inc., 969 F.2d 1309 (1st Cir. 1992), which cites this repealed statute, 49 U.S.C. § 322(b) (repealed 1978).[2] (Docket Entry # 8). The motion for a preliminary injunction seeks an order requiring William, aka Bill, Brandon ("Brandon") and WMB Construction, Inc. ("WMB Construction") to return the 1992 T-600 tractor and the 1995 Dorsey trailer.[3] (Docket Entry # 13).

---

[2] The repealed statute quoted in Alky read as follows:

"If any motor carrier or broker operates in violation of any provision of this chapter . . . or any rule, regulation, requirement or order thereunder, or of any term or condition of any certificate or permit, the Commission or its duly authorized agent may apply to the district court of the United States . . . for the enforcement of such provision of this chapter, or of such rule, regulation, requirement, order, term or condition; and such court shall have jurisdiction to enforce obedience thereto by a writ of injunction or by other process, mandatory or otherwise, restraining such carrier or broker, his or its officers, agents employees, and representatives from further violation of such provision of this chapter or of such rule, regulation, requirement, order, term or condition and enjoining upon it or them obedience thereto."

United States v. Alky Enterprises, Inc., 969 F.2d at 1312 n.4 (quoting 49 U.S.C. § 332 (repealed 1978)).

[3] Plaintiff names Brandon and/or WMB Construction as defendants in the aforementioned deficient motions for leave to amend (Docket Entry ## 10 & 12). Having denied these motions, Brandon and WMB Construction are not parties in this action.

First, plaintiff fails to show that an injunction should apply to Brandon or WMB Construction. See G. & C. Merriam Co. v. Webster Dictionary Co., 639 F.2d 29, 35 (1st Cir. 1980) ("[t]o hold a nonparty bound by an injunction it is thus essential to prove either that the nonparty participated in the contumacious act of a party or that the nonparty was subject to the injunction because legally identified with a party"); accord I.C.C. v. Holmes Transp., Inc., 983 F.2d 1122, 1126 (1st Cir. 1993) (same; quoting G. & C. Merriam, 639 F.2d at 35).

Second, evaluating a motion seeking a preliminary injunction involves considering and weighing "'(1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.'" Iantosca v. Step Plan Services, Inc., 604 F.3d 24, 29 (1st Cir. 2010) (quoting Bl(a)ck Tea Soc'y v. City of Boston, 378 F.3d 8, 11 (1st Cir. 2004)).

An adequate showing of a likelihood of success as well as irreparable harm is absent. Turning to the former, it is true that a "victim of a Fourth Amendment violation by federal

officers ha[s] a claim for damages." Wilkie v. Robbins, 551 U.S. 537, 549 (2007) (citing Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971)). "To state a Bivens action, plaintiff must allege circumstances sufficient to characterize defendants as federal actors." Romero v. Peterson, 930 F.2d 1502, 1506 (10th Cir. 1991); see DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008) ("claimant who seeks relief under Bivens must prove the violation of a constitutional right by a federal agent acting under color of federal law"). Plaintiff's showing regarding a likelihood of success on the constitutional claims vis-à-vis defendants acting as federal agents under color of federal law is decidedly weak. See, e.g., Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3rd Cir. 2001) ("mere fact" that "tobacco company has complied with the requirements of a federal law cannot suffice to transform it into a federal actor any more than the compliance of a myriad of private enterprises with federal law and administrative regulations could of itself work such a transformation").

The showing of a likelihood of success on both the section 1962(c) claim[4] and the section 13905 claim is also weak. As to

---

[4] "To succeed on a civil RICO claim under 18 U.S.C. § 1962(c), a plaintiff must prove: (1) conduct, (2) of an

9

the former claim, plaintiff fails to identify at least two predicate acts. See Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003) ("the 'pattern' element requires a plaintiff to show at least two predicate acts of 'racketeering activity,' which is defined to include violations of specified federal laws, such as the mail and wire fraud statutes") (quoting Efron v. Embassy Suites (P.R.) Inc., 223 F.3d 12, 15 (1st Cir. 2000). As to the latter claim, there is little if any indication that plaintiff has a direct, private cause of action under section 13905.

Turning to irreparable harm, "The burden of demonstrating that a denial of interim relief is likely to cause irreparable harm rests squarely upon the movant." Charlesbank Equity Fund II v. Blinds To Go, Inc., 370 F.3d 151, 162 (1st Cir. 2004). Moreover, "A finding of irreparable harm must be grounded on something more than conjecture, surmise, or a party's unsubstantiated fears of what the future may have in store." Id. Here, plaintiff only makes a conclusory and inadequate allegation of "irreparable harm and injury" in the preliminary injunction

---

enterprise, (3) through a pattern, (4) of racketeering activity." International Floor Crafts, Inc. v. Dziemit, 2011 WL 1519113, *6 (1st Cir. April 21, 2011) (internal quotation marks omitted).

motion (Docket Entry # 13) and in the amended complaint (Docket Entry # 7) ("[p]laintiff will suffer irreparable harm if the tractor and trailer is not return[ed]").

Balancing these and the other relevant factors, injunctive relief is not warranted on the present record.

## CONCLUSION

This court **RECOMMENDS**[5] that the motion for a preliminary injunction (Docket Entry # 13) and the motion for a writ of injunction (Docket Entry # 8) be **DENIED**. The motion for leave to amend (Docket Entry # 6) is **ALLOWED**.

    /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[5] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.