UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

SOLOMON UPSHAW,
     Plaintiff,


     v.                                      CIVIL ACTION NO.
                                              10-11517-JLT

MATTHEW (aka Matt) ANDRADE and
SEA TRADE EXPRESS, INC.,
     Defendants.

                     **REPORT AND RECOMMENDATION RE:**
                **DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**
                          **(DOCKET ENTRY # 26)**

                            **March 2, 2012**


**BOWLER, U.S.M.J.**

     Pending before this court is a motion to dismiss the amended complaint filed by defendants Sea Trade Express, Inc. ("Sea Trade") and Matthew, aka Matt, Andrade ("Andrade"), who owns 100% of Sea Trade.  (Docket Entry # 26).  Sea Trade and Antrade (collectively:  "defendants") move to dismiss under Rule 12(b)(6), Fed. R. Civ. P. ("Rule 12(b)(6)"), for failure to state a claim and Rule 12(b)(1), Fed. R. Civ. P. ("Rule 12(b)(1)"), for lack of subject matter jurisdiction.  Plaintiff Solomon Upshaw ("plaintiff"), who is proceeding pro se, opposes the motion. (Docket Entry # 31).

                              BACKGROUND

     Plaintiff filed this action in September 2010 seeking the return of a "red T-600" tractor and a 1995 Dorsey trailer.  As

set forth in the original complaint, plaintiff rented a parking space from defendants in Avon, Massachusetts. On September 1, 2010, defendants removed the tractor and the trailer from the parking lot even though plaintiff paid the parking fee on the first day of each month and there was "no unpaid rent balance." (Docket Entry # 1, ¶ 4). The complaint identifies Andrade and Sea Trade as located in Framingham, Massachusetts and plaintiff as having a "domicile in Maine" with a post office address in Cape Neddick. (Docket Entry # 1, ¶¶ 2-3). It does not set out an amount in controversy.

On August 10, 2011, this court allowed a motion for leave to amend the original complaint.[1] (Docket Entry # 22). Recognizing plaintiff's pro se status, this court construed the governing complaint as consisting of the original complaint (Docket Entry # 1), the motion for leave to amend (Docket Entry # 6) and the supporting memorandum (Docket Entry # 7). (Docket Entry # 22).

Like the original complaint, the latter two filings do not include an amount in controversy. In addition to the facts in the original complaint, the supporting memorandum adds that, "defendants moved properties at [sic] without notice to owner, and others claim defendants moved without notice and [sic] owes rent and the bank refused their checks, while seeking location of

---

[1] The opinion also recommended a denial of a motion for a writ of injunction (Docket Entry # 8) and a motion for a preliminary injunction (Docket Entry # 13) filed by plaintiff. (Docket Entry # 22).

property." (Docket Entry # 7).

As stated in the original complaint, jurisdiction is grounded on a federal question, 28 U.S.C. § 1331 ("section 1331").[2] The original complaint additionally alleges that defendants violated 49 U.S.C. § 13905 ("section 13905"), the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c) ("section 1962(c)"), as well as the Fourth, Fifth and Fourteenth Amendments and Articles I and VI of the Constitution. Like the original complaint, the supporting memorandum to the motion to amend alleges a section 1962(c) violation and adds that "defendants [sic] license agents of the U.S. Federal Government" engaged in a pattern of racketeering activity. (Docket Entry # 7). It also reiterates liability based on section 13905, the Fourth, Fifth and Fourteenth Amendments and Articles I and VI of the Constitution.

On August 10, 2011, this court issued the aforementioned Report and Recommendation to deny the motion for a writ of

---

[2] The original complaint also refers to "Ch. 382, § 5, An Act to amend act entitled § 16, an act to regulate commerce, (1889). Court has jurisdiction." (Docket Entry # 1, ¶ 3). There is, however, no federal statute presently in force at section five, chapter 382 of the United States Code. The memorandum in support of the motion includes similar language and elaborates that, "§ 5, that section of said act is hereby amended to read as follows: § 16, it shall be lawful for the court to issue a writ of injunction against common carrier or person in default." (Docket Entry # 7). These citations do not confer subject matter jurisdiction and they do not show a Congressional intent to create a private right of action for plaintiff against defendants.

3

injunction and the motion for a preliminary injunction.[3]  The
opinion found only a "weak" showing of a reasonable likelihood of
success that defendants were "acting as federal agents under
color of federal law" relative to the Fourth Amendment claim.
(Docket Entry # 22).  The section 1962(c) RICO claim was also
"weak" given plaintiff's failure "to identify at least two
predicate acts."  (Docket Entry # 22).  The opinion additionally
pointed out the absence of a direct, private right of action
under section 13905.  The district judge adopted the Report and
Recommendation.  On appeal, the First Circuit affirmed the denial
of the motions for injunctions "[a]fter carefully considering the
briefs and record on appeal" and "for the reasons given by the
district court."  (Docket Entry # 36).

In moving to dismiss under Rule 12(b)(6), defendants argue
that the federal constitutional claims fail because defendants
are not federal actors and no constitutional violation took
place.  The section 1962(c) RICO claim is subject to dismissal
because of the absence of two predicate acts of racketeering,
according to defendants.  Defendants also submit that the section
13905 claim is subject to Rule 12(b)(6) dismissal because the
statute does not confer a private right of action and plaintiff
fails to allege sufficient facts to support a violation.

Defendants seek dismissal under Rule 12(b)(1) because of the
lack of diversity of citizenship and/or the failure to satisfy

---

[3]  See footnote one.

the amount in controversy.[4]  To support the former argument, defendants attach public records evidencing plaintiff's Massachusetts citizenship.  As a final argument, defendants seek to dismiss the supplemental state law claims under 28 U.S.C. § 1367(a) ("section 1367(a)").  In opposing the motion, plaintiff cites 28 U.S.C. § 1337(a) ("section 1337(a)") as a basis for subject matter jurisdiction.[5]  (Docket Entry # 31).

DISCUSSION

Plaintiff is proceeding pro se and therefore entitled to a liberal construction of the governing complaint.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972); Barrett v. Lombardi, 239 F.3d 23, 28 (1st Cir. 2001).  Nevertheless, his pro se status does not insulate him "'from complying with procedural and substantive law.'"  Kenda Corp., Inc. v. Pot O'Gold Money Leagues, 329 F.3d 216, 225 n.7 (1st Cir. 2003) ("'[p]ro se status does not insulate a party from complying with procedural and substantive law'").

The standard of review for a Rule 12(b)(6) motion is well established.  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include factual allegations that when taken as true demonstrate a plausible claim to relief even if actual proof of the facts is improbable.  Bell Atlantic v. Twombly, 550 U.S.

---

[4] The governing complaint does not cite 28 U.S.C. § 1332 ("section 1332") or expressly rely upon diversity jurisdiction.

[5] Plaintiff does not cite section 1337(a) in the governing complaint.  He did cite the statute in the notice of appeal.

544, 555-558 (2007). Although "not equivalent to a probability requirement, the plausibility standard asks for more than a sheer possibility that a defendant has acted unlawfully." Boroian v. Mueller, 616 F.3d 60, 65 (1st Cir. 2010) (internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." Feliciano-Hernandez v. Pereira-Castillo, 663 F.3d 527, 533 (1st Cir. 2011) (internal quotation marks and citations omitted). Discarding legal conclusions and taking the facts in the governing complaint as "true and read in a plaintiff's favor even if seemingly incredible," the complaint "must state a plausible, but not a merely conceivable, case for relief." Sepúlveda–Villarini v. Dept. of Educ., 628 F.3d 25, 29 (1st Cir. 2010).

Turning to the constitutional claims, defendants submit they are not federal actors or agents and did not act under color of federal law. (Docket Entry # 27). The governing complaint cites to the Fourth, Fifth and Fourteenth Amendments as well as Article I, Section Eight, Clause Three[6] and Article VI of the

---

[6] This Clause gives Congress the power "[t]o regulate Commerce with foreign Nations, and among the several States, and with Indian Tribes." U.S. Const. art. 1, § 8, cl. 3.

Constitution.[7]

"[A]s a general proposition," Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971) ("Bivens"), establishes "'that victims of a constitutional violation perpetrated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.'" Soto-Torres v. Fraticelli, 654 F.3d 153, 157-158 (1st Cir. 2011) (quoting Ruiz Rivera v. Riley, 209 F.3d 24, 26 (1st Cir. 2000)); see, e.g., Wilkie v. Robbins, 551 U.S. 537, 549 (2007). The purpose of the implied private right of action under Bivens, which serves as "the federal analog" to a suit against state officials under 42 U.S.C. § 1983, "'is to deter individual federal officers from committing constitutional violations.'" Soto-Torres v. Fraticelli, 654 F.3d at 158 (quoting Chiang v. Skeirik, 582 F.3d 238, 243 (1st Cir. 2009)). Bivens and its progeny provide redress against a federal actor for the violation of a plaintiff's Fourth Amendment rights. See Wilkie v. Robbins, 551 U.S. at 549 ("victim of a Fourth Amendment violation by federal officers ha[s] a claim for damages"). Bivens also extends to create an implied cause of action under the Due Process Clause of the Fifth Amendment. See Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8-9 (1st Cir. 2007) (Fifth Amendment's Due Process Clause "prohibits the United States, as the Due

---

[7] Plaintiff relies (Docket Entry # 7) on the language in Article VI that states that, "[T]he laws of the United States . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby." U.S. Const. art. VI, cl. 2.

7

Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without 'due process of law'"); accord Dusenbery v. United States, 534 U.S. 161, 167 (2002).

In order to state a Bivens claim, however, the "plaintiff must allege circumstances sufficient to characterize defendants as federal actors." Romero v. Peterson, 930 F.2d 1502, 1506 (10th Cir. 1991); see DeMayo v. Nugent, 517 F.3d 11, 14 (1st Cir. 2008) ("claimant who seeks relief under Bivens must prove the violation of a constitutional right by a federal agent acting under color of federal law"); McCloskey v. Mueller, 446 F.3d 262, 271-272 (1st Cir. 2006) ("Bivens doctrine allows constitutional claims against federal officials, in their individual capacities, for actions taken under color of federal law"). As to Sea Trade, it is "well-established that Bivens is not applicable for the purposes of asserting a constitutional claim against a private corporate entity." Vega-Caraballo v. Abbott Laboratories Intern., Co., 543 F.Supp.2d 120, 123 (D.P.R. 2008); see Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001); see also Stoutt v. Banco Popular de Puerto Rico, 320 F.3d 26, 33 (1st Cir. 2003); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 137 (D.R.I. 2004).

As to Andrade, he is not a federal actor or agent merely because he is an employee or owner of a private corporation and the corporation is or may be subject to federal regulations. See Redondo-Borges v. U.S. Department of Housing and Urban

Development, 421 F.3d 1, 6 (1st Cir. 2005) (finding insufficient to create Bivens action a complaint's allegation "that '[HUD] was fully aware of [Puerto Rico Public Housing Authority's] absolute disregard of award procedures, and did not correct nor adequately supervise the wrongdoing . . . that it was funding'"); Fletcher v. R.I. Hosp. Trust Nat'l Bank, 496 F.2d 927, 932 n.8 (1st Cir. 1974); Coxcom, Inc. v. Chaffee, 2005 WL 2000969, *4 (D.R.I. July 19, 2005) ("Bivens, however, does not apply to the present action since the only party named in Defendants' Counterclaim is Cox" and "[d]efendants did not name any federal party"); Rockwell v. Roman Catholic Archdiocese of Boston, Massachusetts, 2002 WL 1790579, *3 (D.N.H. Aug. 5, 2002) (Rockwell fails to allege facts "indicat[ing] that the constitutional violations complained of were taken in concert with federal governmental actors and has thus not invoked the subject matter jurisdiction of this Court for such a claim"); see also Brown v. Philip Morris Inc., 250 F.3d 789, 801 (3rd Cir. 2001) ("mere fact" that "tobacco company has complied with the requirements of a federal law cannot suffice to transform it into a federal actor any more than the compliance of a myriad of private enterprises with federal law and administrative regulations could of itself work such a transformation"). Regardless of the theory employed to find Andrade a federal actor, see Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3rd Cir. 2001) (analyzing whether private party was federal actor within meaning of Bivens by applying "'public function' test," "'close nexus' test" and "'symbiotic

relationship' test"), the facts and inferences drawn therefrom in the governing complaint do not raise a plausible claim that Andrade is a federal actor or agent. The constitutional claims under Bivens therefore do not withstand the Rule 12(b)(6) motion.

Turning to the section 1962(c) RICO claim, it alleges that defendants are "license[d] agents of the U.S. Federal Government" engaged in hauling freight for hire.[8] Defendants purportedly moved plaintiff's truck and trailer from the parking space without notice thereby taking his property in violation of section 1962(c). (Docket Entry ## 1 & 7). As previously noted, defendants seek a Rule 12(b)(6) dismissal because plaintiff fails to identify even a single act of racketeering activity let alone two predicate acts of racketeering activity. (Docket Entry # 27).

A section 1962(c) claim "requires a plaintiff to show at least two predicate acts of 'racketeering activity.'"[9] See Kenda

---

[8] The statement in the governing complaint that defendants directly or indirectly engaged in "a pattern of racketeering activity" is a legal conclusion. As such, it is not entitled to consideration on a Rule 12(b)(6) motion. See Soto-Torres v. Fraticelli, 654 F.3d 153, 157 (1st Cir. 2011) ("complaint's allegations that Soto-Torres was 'illegally and unreasonably detained' and that 'excessive force' was used in pushing him to the floor are legal conclusions that are not to be credited") (internal brackets omitted); Dixon v. Shamrock Financial Corp., 522 F.3d 76, 79 (1st Cir. 2008) (rejecting "'unsupported conclusions or interpretations of law'" in reviewing Rule 12(b)(6) dismissal).

[9] A successful section 1962(c) RICO claim requires the plaintiff to establish "'(1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.'" Giuliano v.

10

Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d at 233 ("the 'pattern' element requires a plaintiff to show at least two predicate acts of 'racketeering activity,' which is defined to include violations of specified federal laws, such as the mail and wire fraud statutes") (quoting Efron v. Embassy Suites (P.R.) Inc., 223 F.3d 12, 15 (1st Cir. 2000)); accord Mendez Internet Management Services, Inc. v. Banco Santander de Puerto Rico, 621 F.3d 10, 14 (1st Cir. 2010); see Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 481-482 (1985) ("RICO takes aim at 'racketeering activity,' which it defines as any act 'chargeable' under several generically described state criminal laws" or "any act 'indictable' under numerous specific federal criminal provisions") (citing 18 U.S.C. § 1961(1)). More specifically, the pattern element requires "a showing that 'the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity.'" Giuliano v. Fulton, 399 F.3d 381, 386-387 (1st Cir. 2005) (quoting H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 239 (1989)); accord Heinrich v. Waiting Angels Adoption Services, Inc., 2012 WL 371947, *11 (6th Cir. Feb. 7, 2012) ("to show a 'pattern' of racketeering activity, a plaintiff must show 'that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity'") (quoting H.J. Inc., 492 U.S. at 239).

---

Fulton, 399 F.3d 381, 386 (1st Cir. 2005) (quoting Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d at 233).

Continuity, in turn, may be either "'open-ended'" or "'closed-ended.'" Giuliano v. Fulton, 399 F.3d at 387. "Because the RICO statute was only intended to reach long-term criminal conduct, '[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy [the continuity] requirement.'" Id. "RICO is not aimed at a single narrow criminal episode, even if that single episode involves behavior that amounts to several crimes." System Management, Inc. v. Loiselle, 303 F.3d 100, 105-06 (1st Cir. 2002); accord Giuliano v. Fulton, 399 F.3d at 388.

At a minimum, the act of taking plaintiff's truck and trailer without notice fails to satisfy the continuity aspect. Alternatively, the misconduct fails to constitute racketeering activity within the meaning of 28 U.S.C. § 1961(1). Finally, even assuming racketeering activity, the single act of taking the tractor and the trailer without notice does not constitute "[a]t least two acts of racketeering activity." Giuliano v. Fulton, 399 F.3d at 386. Accordingly, the section 1962(c) RICO claim does not survive the Rule 12(b)(6) motion to dismiss.

Turning to the section 13905 claim, defendants move for a Rule 12(b)(6) dismissal because the statute does not create a private right of action and plaintiff fails to allege sufficient facts to support a violation. In opposing dismissal, plaintiff cites 49 U.S.C. § 13092 ("section 13902") in addition to section 13905. In the governing complaint, he maintains that defendants violated section 13905 (Docket Entry # 1) or violated his rights

12

under section 13905 (Docket Entry # 7). The violation is based on defendants depriving plaintiff of his property after paying for the parking space and then moving plaintiff's property without providing him notice. (Docket Entry # 7).

Section 13905 sets out effective periods of registration for motor carriers.[10] 49 U.S.C. § 13905. The Secretary of Transportation ("the Secretary") is obligated to register a motor carrier provided the carrier meets the criteria in 49 U.S.C. § 13902.[11] "On complaint or on the Secretary's own initiative," section 13905 allows the Secretary to suspend, amend or revoke a registration for wilful noncompliance with an applicable regulation or for the failure to pay a civil penalty or for failure to comply with section 13905 or a regulation or order of the Secretary. 49 U.S.C. § 13905(d).

Section 13905, however, does not evince a Congressional intent to create a private cause of action for harm caused by a motor carrier's lack of registration. There is no express language creating a private cause of action. The issue therefore reduces to whether Congress intended to imply a private right of action. See San Juan Cable LLC v. Puerto Rico Telephone Co.,

---

[10] A "motor carrier" is "a person providing commercial motor vehicle . . . transportation for compensation." 49 U.S.C. § 13102(14).

[11] The Interstate Commerce Commission Termination Act of 1995, which amended the Motor Carrier Act, "provided that all motor carriers were to register under § 13902(a) (2000), as opposed to the old regime of separately registered common and contract carriers." M. Fortunoff of Westbury Corp. v. Peerless Ins. Co., 432 F.3d 127, 132-133 (2nd Cir. 2005).

Inc., 612 F.3d 25, 30 (1st Cir. 2010); Frazier v. Fairhaven School Committee, 276 F.3d 52, 68 (1st Cir. 2002) ("touchstone for determining whether a federal statute implies a private right of action is congressional intent"). Such an inquiry presents an issue of statutory interpretation. San Juan Cable LLC v. Puerto Rico Telephone Co., Inc., 612 F.3d at 30 (question of "whether a private right of action can be implied" involves "a question of statutory interpretation"). "The baseline rule is that a federal statute ordinarily should be read as written, in effect creating a presumption against importing, by implication, a private right of action." Id. (citing Frazier v. Fairhaven School Commission, 276 F.3d at 68, and Alexander v. Sandoval, 532 U.S. 275, 287–288 (2001)).

The language of section 13905 provides "the preeminent indicator of legislative intent." Frazier v. Fairhaven School Committee, 276 F.3d at 68. That language unambiguously states that a person may bring a complaint to the Secretary but it is the Secretary that may revoke a registration for failure to comply with "an applicable regulation or order of the Secretary." 49 U.S.C. § 13905(d)(1).

Elsewhere the statutory scheme expressly recognizes a private cause of action for injunctive relief for violations of 49 U.S.C. §§ 14102 and 1403. 49 U.S.C. § 14704(a)(1) ("section 14704(a)"). The omission of sections 13905 and 13902 from the language of section 14704(a) exemplifies a Congressional intent not to create a private cause of action for the class of

14

individuals harmed by violations of section 13905 and/or section 13902. See Frazier v. Fairhaven School Commission, 276 F.3d at 68 ("the explicit provision of remedies within a statute cuts sharply against the implication of a private right of action"); Forsythe v. Sun Life Financial, Inc., 417 F.Supp.2d 100, 106 (D.Mass. 2006) ("when Congress has expressly provided a method of enforcing substantive rules, it may ordinarily be inferred that Congress correspondingly intended not to provide others"); see also San Juan Cable LLC v. Puerto Rico Telephone Co., Inc., 612 F.3d at 30 ("[g]iven Congress's persistent employment of express private rights of action in the Cable Act, it would be inconsistent to imply additional private rights of action"). Section 14704(a) additionally recognizes a private right of action for "[a] person injured because a carrier or broker providing transportation or service subject to jurisdiction under chapter 135 does not obey an order of the Secretary." 49 U.S.C. § 14704(a)(1) (captioned "Enforcement of order"). Even assuming dubitante that defendants fall within the jurisdiction of chapter 135, plaintiff fails to identify an order of the Secretary that defendants violated and the facts do not suggest a violation of an order. Finally, the language of sections 13905 and 13902 are not phrased in terms of a particular class of persons benefitted. See Gonzaga University v. Doe, 536 U.S. 273, 284 (2002). Defendants are therefore correct that section 13905 does not confer an implied private right of action. The section 13905

15

claim is therefore subject to a Rule 12(b)(6) dismissal.[12]

Turning to the requested dismissal under Rule 12(b)(1), defendants allege that diversity jurisdiction is absent both as to the amount in controversy and as to the diversity of citizenship. The governing complaint identifies plaintiff as "domicile[d] in Maine" at the aforementioned post office box address. (Docket Entry ## 1, 6 & 7). It does not include an amount in controversy. Plaintiff likewise fails to address the issue in the opposition to the motion.

The database maintained by the assessing Department of the City of Boston of property owners as of January 1, 2011, lists "Solomon J. Upshaw" as the "owner" of record of a parcel of property with a two family zoned building at 47 Cookson Terrace in Mattapan, Massachusetts.[13] The owner's address is listed as 49 Cookson Terrace, Apartment Two. A pro se brief plaintiff filed in June 2004 in the Massachusetts Court of Appeals likewise lists his address as 49 Cookson Terrace. In opposing the motion to dismiss, plaintiff asserts "there is no 49 Cookson [T]errace." (Docket Entry # 31). The governing complaint lists defendants' address as located in Massachusetts. (Docket Entry # 1, ¶ 2).

Diversity jurisdiction has two components: (1) a dispute

---

[12] Section 13902 likewise fails to provide an express or implied private right of action.

[13] This court has the discretion to consider the extrinsic evidence in the form of the public records offered by defendants in reviewing the Rule 12(b)(1) motion. See Gonzalez v. U.S., 284 F.3d 281, 288 (1st Cir. 2002).

16

between citizens of different states; and (2) an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. In light of defendants' challenge to the amount in controversy, plaintiff bears "the burden to establish that the minimum amount in controversy has been met." Abdel-Aleem v. OPK Biotech LLC, 665 F.3d 38, 41 (1st Cir. 2012); Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001) ("as the party seeking to invoke jurisdiction, Spielman has the burden of showing that he has met the statutory requirements").[14] He fails to meet that burden. Indeed, plaintiff does not make a good faith proffer of any amount that meets the $75,000 minimum. See generally Abdel-Aleem v. OPK Biotech LLC, 665 F.3d at 41. Dismissal on the basis of the absence of an adequate amount in controversy is therefore appropriate. See Abdel-Aleem v. OPK Biotech LLC, 665 F.3d at 42 (quoting Fifth Circuit case in parenthetical that, "where 'party invoking the court's jurisdiction' was 'put on notice . . . by [the defendant's] motion to dismiss for lack of jurisdiction, that they needed to show some basis for the amount of damages they claimed,' failure to do so resulted in proper dismissal by the district court").

Turning to the citizenship inquiry, "For purposes of

---

[14] Because plaintiff disputes his residence as located in Massachusetts as opposed to the Cape Neddick, Maine post office address, this court assumes arguendo that he raises diversity as a basis for subject matter jurisdiction. That said, he does not check the box for diversity jurisdiction in the civil cover sheet and the governing complaint does not refer to diversity jurisdiction.

17

diversity, a person is a citizen of the state in which he is domiciled." Padilla-Mangual v. Pavia Hospital, 516 F.3d 29, 31 (1st Cir. 2008). "Domicile is determined at the time the suit is filed." Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010). Plaintiff filed this action on September 7, 2010. A few months after the September 2010 filing of this action, public documents identify plaintiff as the owner of a two family property at 47 Cookson Terrace with plaintiff having a mailing address of Apartment Two at 49 Cookson Terrace. A 2004 state court filing identifies the same Massachusetts address. Dismissal based on a lack of diversity among plaintiff and defendants is therefore warranted. See, e.g., Adler v. Adler, 862 F.Supp. 70, 72 (S.D.N.Y. 1994) ("notice of removal refers to diversity of citizenship as a basis for jurisdiction but fails to set forth the citizenship of the parties, instead mentioning 'domicile' and a return address at a post office box in Hoboken, New Jersey" which "is inadequate under the diversity statute and vitiates the notice of removal").

Next, plaintiff points to sections 1337(a) and 1331 as bases for subject matter jurisdiction. Section 1337(a) states that, "district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce . . .." 28 U.S.C. § 1337(a). In order to successfully invoke section 1337(a) as a jurisdictional base, however, there must be a private cause of action under the federal act or regulation at issue. See Bonano v. East Caribbean Airline Corp.,

18

365 F.3d 81, 83 (1st Cir. 2004). As explained in Bonano, the lower court's determination that a private cause of action exists "is the linchpin of federal jurisdiction in this case: the appellant premises jurisdiction on claims that supposedly arise under federal law, 28 U.S.C. §§ 1331, 1337(a), and without a cause of action under the Act or the regulations, no such jurisdiction would attach." Id. Here, for reasons already explained, plaintiff does not have a private right of action under section 13905 or a claim under section 1962(c). Accordingly, neither section 1331 nor section 1337(a) provide a foundation for subject matter jurisdiction.

Plaintiff's reference to 49 U.S.C. § 10927 is also unavailing. The statute applies to railroads which, to state the obvious, are not at issue in this action. Plaintiff's remaining arguments are without merit.

Finally, "[u]nder 28 U.S.C. § 1367(c)(3), the Court may decline to exercise supplemental jurisdiction if the Court has dismissed all 'claims over which it has original jurisdiction.'" Strunk v. Odyssey Consulting Group, Ltd., 2011 WL 3567025, *6 (D.Mass. Aug. 11, 2011). In the exercise of this court's discretion, this court declines to exercise supplemental jurisdiction over any remaining state law claims. See Picciotto v. Continental Casualty Co., 512 F.3d 9, 21 (1st Cir. 2008) (noting the "well established requirement that there be a viable action over which the district court has 'original jurisdiction'

before supplemental jurisdiction may be considered"); see, e.g., Strunk v. Odyssey Consulting Group, Ltd., 2011 WL 3567025, *6 (D.Mass. Aug. 11, 2011).

CONCLUSION

In accordance with the above discussion, this court **RECOMMENDS**[15] that the motion to dismiss (Docket Entry # 26) be **ALLOWED**.

                        /s/ Marianne B. Bowler
                        **MARIANNE B. BOWLER**
                        United States Magistrate Judge

---

[15] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order.